WILLIAM HAYS' EXR. ET AL *v.* THOMAS MACKIN.

**Corporations—Turnpike Company—Subscription to Capital Stock—Conditions as to Use of Money Subscribed.**

Appellee upon a return of *nulla bona* on an execution against the Maxville, &c., Turnpike Company brought this suit in equity, making appellants defendants as garnishees, and calling on them to state what amount they owed on their subscription to the capital stock in the company. They answered, and denied they owed anything, as their subscription of given amounts of stock were conditioned that it was to be laid out upon that division of the road on which they lived and that the appellee was a contractor on another division, and they denied the right to appropriate their subscription otherwise than upon the condition set out. These allegations were not denied. **Held,** that as the road company could not sue and receive of the garnishees the amounts of their various subscriptions to be laid out on other divisions of the road, so a contractor on such other division could not recover from them.

APPEAL FROM WASHINGTON CIRCUIT COURT.

January 21, 1870.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Appellee having obtained a common law judgment and having a return of *nulla bona* on execution against the Maxville, Willisburg & Beechfork Turnpike Road Company, then brought this suit in equity, making appellants defendants as garnishees, and calling on them to state what amount they owed as subscribers of stock in said company.

They answered, and denied they owed anything, as their subscription of given amount of stock were conditioned that it was to be laid out upon that division of the road upon which they lived, known as the lower division, and that said division had not been completed, and that all they and the other subscribers in said division had subscribed would not complete it; that the plaintiff was a contractor on another division of the road, and not upon this one, and was to take the subscriptions in said division, and they denied the right to appropriate their subscriptions otherwise than upon the conditions set out. The treasurer of the company

was made a defendant; he answered and set out the various subscribers and their indebtedness, and says the road was divided into three precincts or divisions; the terms of subscription were that the several amounts subscribed were to be laid out on that division of the road in which the respective subscribers lived, and not on the others.

There is no evidence controverting the statements of these garnishees; hence, their responsibility depends on the statements of their several answers.

As the road company could not sue and recover of these garnishees the amounts of their various subscriptions to be laid out on other divisions of the road, so a contractor of work, on such other divisions, could not recover from them to pay for such work.

As these appellants lived in the lower or third division of the road, they had a right to subscribe upon conditions that the amount so subscribed should be appropriated to the completion of their division. and as their subscriptions were received upon such conditions, neither the corporation nor any of its creditors have a right to alter the contract. Whatever might be the rights of a judgment creditor for work on their division of the road, a creditor for work on other divisions has no right to garnishee them.

Wherefore, the judgment is reversed, with directions to dismiss the petition against them.

Judge Hardin not sitting.

*Hays, for appellant.*